IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JOHN MERCED LOZANO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 09-6001-CV-SJ-GAF-P |
| v. | ) | No. 05-6032-01-CR-SJ-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is Movant John Merced Lozano's ("Lozano") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. #1). Lozano seeks to have his conviction and sentence vacated and asks for permission to plead anew based on allegations of ineffective assistance of counsel. *Id.* at p.11. He also asks for an evidentiary hearing regarding the relief he requests. *Id.* For the following reasons, Lozano's Motion is DENIED.

**A.    Factual and Procedural History**

The Government accurately recites the case history as follows:

On September 30, 2005, an indictment was returned in the Western District of Missouri charging Lozano and others with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A), and 846, in Count One. Lozano also was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two); possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Three); and to one count of criminal forfeiture, pursuant to 21 U.S.C. § 853. (D.E. 21.)

On December 19, 2005, the Government filed an information, pursuant to 21 U.S.C. § 851, alleging that Lozano had a prior felony drug conviction. (D.E. 69.) This information had the effect of increasing the statutory range of punishment on Count One to not less than 20 years and not more than life imprisonment.

1

On December 22, 2005, Lozano appeared before this Court and changed his plea to guilty, as to all counts of the indictment. At the change-of-plea hearing, the Government withdrew the § 851 information referenced above, so that the statutory minimum sentence for Count One was ten years' imprisonment. (Plea Tr. 19.)

Before accepting the plea, this Court examined Lozano at length regarding his understanding of the charges, his rights if he went to trial, and the consequences of a guilty plea. (Plea Tr. 2-16.) The court advised Lozano that he faced a sentence of ten years to life imprisonment on Count One, up to ten years on Count Two, and a consecutive five-year sentence on Count Three. (Plea Tr. 4-5.) Lozano acknowledged that he understood the statutory ranges of punishment on all three counts, including that Count Three carried a statutory consecutive sentence of not less than five years' imprisonment (Plea Tr. 4-5.) Lozano stated that he understood that this Court would consult and consider the Sentencing Guidelines, but that those Guidelines were discretionary and that a sentence above or below the Guidelines might be imposed. (Plea Tr. 6-7.)

Lozano affirmed that he had reviewed the charges with his attorney. (Plea Tr. 3.) Lozano further affirmed that his attorney had undertaken everything asked of him. (Plea Tr. 3.) Lozano stated that he was fully and totally satisfied with his legal representation. (Plea Tr. 4.) Lozano also affirmed that he was pleading guilty of his own free will, and not due to any promises or assurances made by any party. (Plea Tr. 4.) Lozano affirmed that he had met with his attorney prior to his plea, and discussed various aspects of the case, including suppression motions, trial strategy, cooperation, and the possibility that the Government could file an information, pursuant to 21 U.S.C. § 851, alleging two prior convictions. (Plea Tr. 17-19.) Lozano stated that he was aware that the information would increase his statutory minimum sentence to life imprisonment, pursuant to § 841(b)(1)(A), and that through his guilty plea, he was avoiding that statutory penalty. (Plea Tr. 18.)

After finding that Lozano was fully competent and aware of the consequences of his plea, this Court accepted Lozano's plea and adjudged him guilty as charged. (Plea Tr. 16.)

A presentence investigation report (PSR) was prepared. The PSR found that Lozano was a "career offender," pursuant to U.S.S.G. § 4B1.1, which placed Lozano at a base offense level 37, and after a three-level reduction for acceptance of responsibility, a total offense level 34, with a criminal history category of VI. This yielded an advisory Sentencing Guidelines range of 262 to 337 months' imprisonment on Count One.

On April 20, 2006, this Court imposed concurrent prison terms of 262 months on Count One and 120 months on Count Two, and a consecutive term of 60 months on Count Three.

Lozano appealed, arguing that the sentence was unreasonable, that the sentence amounted to cruel and unusual punishment, and that his attorney was ineffective. *United States v. Lozano*, 267 Fed. Appx. 474, 475 (8th Cir. 2008). The Eighth Circuit affirmed this Court in all respects. *Id.*

Lozano has now filed a motion, pursuant to § 2255, in which he seeks to set aside and vacate his conviction and guilty plea. The Government agrees that the motion [] is timely filed.

(Doc. #4, pp. 2-5).

**B. Analysis**

*1. Lozano's Claim of Ineffective Assistance of Counsel Fails*

To succeed on a claim of ineffective assistance of counsel, Lozano must show his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *See Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995) (citation and quotation marks omitted). The performance prong requires the Court to objectively "'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competence' while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Id.* (*quoting Strickland v. Washington*, 466 U.S. 668, 690 (1984)). If the Court determines performance was deficient, "the prejudice prong requires proof that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation marks and citations omitted). Specifically, in challenging a guilty plea based on ineffective assistance of counsel, a movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In this case, through only his own affidavit submitted with his Motion, Lozano claims his attorney erroneously assured him that a guilty plea would cause him not to be sentenced as a career

3

offender under § 4B1.1 and that his sentence would not exceed 20 years or 240 months. Though Lozano now states his counsel's assistance was ineffective for failure to properly advise with respect to a guilty plea, at the time he entered his plea, Lozano stated on the record that he knew the Court could impose any sentence, up to life imprisonment, for the crimes charged. He also expressed his awareness that if he did not plead guilty and was convicted that he would face a statutory minimum of life imprisonment on Count One if the Government filed an information based on his two prior convictions. On the record, he acknowledged no one had made any promises or assurances to him regarding his sentence and stated he knew the sentencing guidelines were discretionary. He was satisfied with his representation and stated he knew a guilty plea would avoid imposition of the statutory minimum. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted). Here, Lozano's in-court declarations alone are sufficient to undermine his present unsupported claims that he was surprised or not properly advised by his attorney or the Court with regard to the sentence that could be imposed.

Even if Lozano could show deficient performance on the part of his attorney, he makes only conclusory allegations with regard to prejudice as well. Although now claiming he would have proceeded to trial had his attorney not made the alleged mistaken estimate of sentence length, Lozano faced the statutory minimum of life imprisonment if found guilty at trial. He offers no evidence to support an objective determination by the Court that there was any reasonable possibility he would have been found not guilty if he had proceeded to trial. *See* Hill, 474 U.S. at 59-60 ("In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial."). In any event, "inaccurate

4

Case 5:09-cv-06001-GAF   Document 6   Filed 06/02/09   Page 4 of 6

advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). Lozano admitted on the record that he was aware of the maximum sentence and the Court's ability to impose a sentence within the applicable range. Lozano's Motion for relief due to ineffective assistance of counsel is therefore DENIED.

2.  *Evidentiary Hearing and Certificate of Appealability*

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005) (citations omitted).

In this case, review of the merits of Lozano's claims show that his allegations are contradicted by the record and are inherently incredible. Further, even if Lozano was improperly advised, he would not be entitled to relief. The plea hearing record reflects Lozano knew the sentencing guidelines were discretionary, that he made his plea voluntarily, that he understood his possible range of punishment, and that he had not been given promises or assurances by anyone with respect to his sentence. Thus, Lozano's claim cannot be accepted as true and would not entitle him to relief even if it was true. Lozano's request for a hearing with regard to his Motion is therefore DENIED.

The Government also requests that the Court deny Lozano a certificate of appealability. A certificate of appealability should issue only if a habeas prisoner makes "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted).

In this case, there is no room for debate over resolution of the petition. The record contradicts Lozano's claims and shows they are entirely meritless. As such, Lozano is DENIED a certificate of appealability with respect to his petition.

## **CONCLUSION**

The record shows Lozano's claim of ineffective assistance of counsel is inherently incredible. Further, the futility of his arguments under the law and facts show no hearing is required. Lozano's request for relief from his sentence and for a hearing on the matter is therefore DENIED. Finally, due to Lozano's failure to make a substantial showing of the denial of a constitutional right, he is also DENIED a certificate of appealability.[1]

**IT IS SO ORDERED.**

                                                  s/ Gary A. Fenner
                                                  Gary A. Fenner, Judge
                                                  United States District Court

DATED: **June 2, 2009**

---

[1] Lozano's request for further discovery is also DENIED as he does not specify any documents he seeks or explain their relevance or significance. *See Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2003) (*quoting Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.")).